ERIC J. DEITRICK OSB # 052322
STEVEN T. WAX, OSB #850120
Oregon Justice Resource Center
P.O. Box 5248
Portland, OR 97208
503-944-2270
edeitrick@ojrc.info
swax@oregoninnocence.info

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JASON JOHN HATTON,<br><br>Petitioner<br><br>vs.<br><br>STATE OF OREGON,<br><br>Respondent. | Civil Case No._____<br><br>**PETITION FOR A WRIT OF HABEAS CORPUS**<br><br>(28 U.S.C. §§ 2241 and 2254) |

Petitioner, Jason John Hatton, through his attorneys, Steven T. Wax and Eric Deitrick, hereby petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254. Petitioner is currently imprisoned by the Oregon Department of Corrections ("ODOC"), a state agency located in Marion County, Oregon. He is imprisoned at the Warner Creek Correctional Facility, an ODOC facility located in Lake County, Oregon. In support of this petition, Petitioner makes the following allegations:

PETITION FOR A WRIT OF HABEAS CORPUS - 1

I.      **PROCEDURAL AND JURISDICTIONAL HISTORY:**

A.      **Oregon State Court Proceedings:**

1.      **Jackson County Circuit Court Trial Proceedings, Case Number 23CR28240**:

On October 25, 2024, in Jackson County Case No. 23CR28240, Mr. Hatton pled guilty to two crimes. That day, he was sentenced to the custody of the Oregon Department of Corrections ("ODOC") to serve a sentence of 31-months imprisonment on count 3 and 25-months imprisonment on count 7, with count 7 to be served consecutively to count 3. Pet'r's Ex. 1. The trial court's judgment recited that, separately and on each count, "Defendant may receive credit for time served. Defendant shall receive presentence incarceration credits pursuant to ORS 137.370(4)."

2.      **Prelude to Jackson County Court Ruling on Motion to Correct Judgment**

On July 10, 2025, the Oregon Supreme Court issued an opinion in *State ex rel Torres-Lopez v. Fahrion,* 374 Or. 423 (2025) *(Torres-Lopez I), adh'd to as modified on recons,* 374 Or. 423 *(Torres-Lopez II)* (2025), which included an analysis of Or. Rev. Stat. § 137.370(4), criminal judgments, credit for time served, and ODOC's administrative rules regarding sentence calculations.

Following that Court's opinion in *Torres-Lopez I*, ODOC changed its policy on how it calculated the length of prison sentences for adults in their custody.[1]  This policy change resulted

---

[1] See Oregon Department of Corrections, Sentence Recalculation, https://engage.doc.oregon.gov/sentence-recalculation (accessed June 16, 2026) (explaining the reasoning and methodology for the change in sentence calculations in response to *Torres-Lopez I*).

PETITION FOR A WRIT OF HABEAS CORPUS - 2

in new sentence calculations for several hundred people serving prison sentences, and the immediate release of approximately 20 people.[2]

On September 25, 2025, ODOC released Mr. Hatton from its custody pursuant to the new policy and placed him on post-prison supervision. Around this time, ODOC's policy change was publicly criticized by district attorneys and crime victim groups. *Id*. District attorneys filed motions to have sentencing judgments amended in response to ODOC's policy change. ODOC was also the subject of legal action.[3] Media reports indicate that the ODOC was threatened with additional legal action if those released were not re-imprisoned by Monday November 24, 2025.[4]

On November 24, 2025 – the date of the threatened lawsuit – ODOC issued an order for Mr. Hatton's arrest, labeling him and others prison escapees. Pet'r's Ex 4.  Mr. Hatton was arrested the next day and returned to prison.

**3.     Jackson County Circuit Court Motion to Correct Judgment, Case Number 23CR28240.**

On December 24, 2025, Jackson County District Attorney Patrick Green ("DA Green") filed a motion to amend the sentencing judgment with the circuit court. Pet'r's Ex 2. DA Green cited Or. Rev. Stat. § 137.172 for the authority to amend the judgment, which grants courts

---

[2] *See* Noelle Crombie, *Hundreds of Oregon prisoners see sentences shaved by days, even years under new court ruling*, The Oregonian (Oct 16, 2025) https://www.oregonlive.com/politics/2025/10/hundreds-of-oregon-prisoners-see-sentences-shaved-by-days-even-years-under-new-court-ruling.html (accessed June 16, 2026)

[3] *See* Jackson County Circuit Court Case 25CN04871 (Jackson County District Attorney pursuing contempt action against ODOC, its director, and a ODOC official).

[4] *See* Madeline Moore, *Nine Marion County inmates released, returned to prison due to state sentencing changes*, The Salem Reporter, (accessed June 16, 2026) https://www.salemreporter.com/2025/11/26/nine-marion-county-inmates-released-returned-to-prison-due-to-state-sentencing-changes/ (accessed June 16, 2026).

PETITION FOR A WRIT OF HABEAS CORPUS - 3

authority to correct erroneous terms.  DA Green argued that the judgment included erroneous terms that effectively awarded Mr. Hatton pretrial incarceration credit not originally intended.

On January 22, 2026, Jackson County Circuit Court Judge Laura Cromwell issued an order denying DA Green's motion to amend the judgment, concluding that the judgment did not include erroneous terms that could be corrected. Pet'r's Ex 3.

### 4.      Oregon Supreme Court Habeas Corpus Petition, Case Number S072571

On January 7, 2026, Mr. Hatton filed a petition for a writ of habeas corpus in the Oregon Supreme Court. On January 27, 2026, the Oregon Supreme Court found that there was no legal authority for Mr. Hatton's arrest and reincarceration. The Court granted his petition for habeas corpus and ordered his immediate release from prison. Pet'r's Ex 4.

That Court concluded, as the Oregon Department of Justice ("ODOJ") conceded, that Mr. Hatton's case was no different than that of *Arellano-Sanchez v. Thrasher*, 374 Or. 623, 582 P.3d 178 (2025), another habeas corpus case arising from ODOC's attempt to rearrest former prisoners it had discharged from its physical and legal custody. In total, between December 2025 and February 2026, the Oregon Supreme Court exercised its original jurisdiction on ten separate occasions to order the immediate release of people who were lawfully released by ODOC and then later reimprisoned.

### 5.      Oregon Supreme Court Mandamus Petition, Case Number S072615

On January 23, 2026, the State filed a petition for a writ of mandamus in the Oregon Supreme Court. Pet'r's Ex 5. The State sought an order that would direct Judge Cromwell to vacate her January 2026 order denying the State's motion to amend the judgment or show cause why she should not. An amended judgment was necessary for the State to continue detaining Mr. Hatton or to reimprison him in the future.

PETITION FOR A WRIT OF HABEAS CORPUS - 4

On February 9, 2026, the Oregon Supreme Court denied the State's petition for a writ of mandamus. Pet'r's Ex 6.

**6.     Prelude to Second Motion to Correct or Amend Judgment and for an Order to Arrest Mr. Hatton.**

On February 2, 2026, the Oregon Legislature convened for its biennial short session. House Bill 4041 was introduced and specifically intended to change the law retroactively to permit the arrest and reincarceration of Mr. Hatton and other people who had been released in the summer and fall of 2025, based on the then extant ODOC policy on calculation of pre-sentencing credits.

On March 5, 2026, HB 4041 became law. Pet'r's Ex 7. Section 7 of HB 4041 authorizes ODOC or the State to petition in circuit court to have a person returned to prison if the person was released "as a result of a material error in sentence computation or legal interpretation." Section 8 makes Section 7 retroactive to July 10, 2025.[5]  Section 9 authorizes a court to correct ambiguous terms in a sentencing judgment. Authority for such actions did not previously exist under Oregon law.

**7.     Second Jackson County Motion to Modify Judgment, Case Number 23CR28240**

On March 17, 2026, DA Green filed a motion to modify ambiguous terms in the sentencing judgment, pursuant to HB 4041.  Pet'r's Ex 10. He also filed a motion seeking Mr. Hatton's arrest prior to a hearing. Pet'r's Ex 8. On March 18, 2026, the sentencing court issued a warrant for Mr. Hatton's arrest. Pet'r's Ex 9.

On March 19, 2026, ODOC, through DOJ, filed a petition and declaration with the sentencing court to have Mr. Hatton recommitted to ODOC to complete an unfinished prison

---

[5] This is the date the Oregon Supreme Court issued its opinion in *Torres-Lopez I*.

PETITION FOR A WRIT OF HABEAS CORPUS - 5

term. Pet'r's Ex 11.  The declaration acknowledges that Mr. Hatton was released from prison not by mistake or accident, but pursuant to a policy change implemented after *Torres-Lopez I. See* Pet'r's Ex 12 ("In response to the Oregon Supreme Court's interpretation of ORS 137.370(4) in *State ex rel Torres-Lopez v. Fahrion I* (July 10, 2025), ODOC updated its policy regarding the application of time served credit such that  counting time served credit would be permitted").

On March 20, 2026, a hearing was held on the motion and petition.  Mr. Hatton appeared out of custody.  The court did not take Mr. Hatton into custody on its warrant and postponed the hearing until March 30, 2026. On March 23, 2026, Mr. Hatton met with his post-prison supervising officer, who took Mr. Hatton into custody on the warrant issued by the sentencing court.

On March 30, 2026, a hearing was held on the motion and petition.  Mr. Hatton, through counsel, filed an objection to the motion and petition with the court. Pet'r's Ex 13. Mr. Hatton appeared in custody and argued that the application of HB 4041 retroactively violated several state and federal constitutional guarantees, including Articles I, sections 10, 11, 20, 21 of the Oregon Constitution and the due process, ex post facto, and bill of attainder clauses in the United States Constitution.  Mr. Hatton also argued that the state itself was not complying with the requirements of HB 4041.

On April 1, 2026, the circuit court entered orders into the court register granting both (1) the District Attorney's motion to modify ambiguous term in the judgment and (2) ODOC's petition for further detention under HB 4041 (2026). Pet'r's Ex 14 & 15.

On April 8, 2026, the circuit court entered an amended judgment, eliminating language regarding pretrial incarceration credit. Pet'r's Ex 16.

PETITION FOR A WRIT OF HABEAS CORPUS - 6

**8.      Statewide Temporary Restraining Order Halts Implementation of HB 4041, Clackamas County Case Number 26CV15022**

On March 30, 2026, Mr. Hatton, along with two similarly situated people, filed a complaint on behalf of a proposed class seeking declaratory and injunctive relief regarding the implementation of HB 4041. The complaint was filed prior to Mr. Hatton's hearing on the State's motion to amend the judgment in case 23CR28240.

The complaint alleged that HB 4041 violated state and federal constitutional mandates regarding ex post facto laws, bills of attainder, and due process. On April 16, 2026, the Clackamas County Circuit Court held a hearing on a motion for a temporary restraining order and preliminary injunction. On April 24, 2026, the Court issued a statewide temporary restraining order and preliminary injunction, halting the retroactive implantation of sections 7 through 12 of HB 4041. Pet'r's Ex 18. The Court concluded that Mr. Hatton and others were likely to prevail on their claims that HB 4041 violated constitutional mandates regarding ex post facto laws, bills of attainder, and due process.

**9.      Mr. Hatton's Petition for Mandamus in the Oregon Supreme Court, Case Number S072889.**

On April 28, 2026, Mr. Hatton filed a petition for a writ of mandamus with the Oregon Supreme Court. Mr. Hatton sought an order directing the Jackson County Circuit Court to vacate its orders and amended judgment that arose from HB 4041. Pet'r's Ex 19. Mr. Hatton argued that the application of HB 4041 to him and others constituted an unconstitutional ex post facto violation, a bill of attainder, and denied him due process. Mr. Hatton also noted that he was reimprisoned pursuant to a law for which implementation had been halted pursuant to a lawsuit he initiated.

PETITION FOR A WRIT OF HABEAS CORPUS - 7

While opposing Mr. Hatton's legal positions, the State joined in his request for the Oregon Supreme Court to resolve the constitutional issues he presented on the merits, given the statewide importance of the issue presented. The State, like Mr. Hatton, requested that the Court act as quickly as possible. Pet'r's Ex 20.

On June 2, 2026, the Oregon Supreme Court issued an order denying the petition for a writ of mandamus. No written opinion was provided by the Court. Pet'r's Ex 21.

**B.    Prior Counsel:**

**At the Oregon Circuit Court for all hearings, including the initial plea/sentencing hearing, the subsequent hearings on State's motion to amend the judgments, and all hearings pursuant to HB 4041:**

Zachary Light
14 N Central Ave Ste 101
Medford, Oregon  97501

**At the Oregon Supreme Court, on one petition for a writ of habeas corpus and two petition for a writ of mandamus:**

Eric J. Deitrick
Steven T. Wax
Thaddeus Betz
Oregon Justice Resource Center
PO Box 5248
Portland, Oregon 97208

## II.  CLAIMS FOR RELIEF

## A.    FIRST GROUND FOR RELIEF

Mr. Hatton's incarceration is illegal and in violation of the Ex Post Facto Clause of the United States Constitution, Article I, Section 9, Cl. 3, and Section 10, Cl. 1, and Article 1 Sec. 21.

PETITION FOR A WRIT OF HABEAS CORPUS - 8

**Supporting Facts.**

A legislative amendment to Or. Rev. Stat. § 137.370(4) in 2015 granted Oregon's sentencing judges the authority to grant credit for time served pre-sentence for acts and offenses that were unrelated to the count of conviction. The judgments in Mr. Hatton's case specifically referred to the statute in granting him such credit on both counts of conviction. Pet'r's Ex 1. In September 2025, ODOC complied with the sentencing court's directive, determined that Mr. Hatton had completed the prison portion of his sentence, and released him to post-prison supervision. Pet'r's Ex 4. In November 2025, ODOC retroactively recalculated his sentence, denied him the credit the sentencing court had ordered, rearrested and reincarcerated him.  In an original jurisdiction habeas corpus proceeding, the Oregon Supreme Court held that ODOC had no authority to do so. Pet'r's Ex 4.

Subsequently, the Oregon Legislature openly and intentionally changed the law to allow the courts to reimprison people such as Mr. Hatton, using a list of 38 people to justify their action and making the law retroactive to the date of the Oregon Supreme Court decision. On February 19, 2026, Rep. Jason Kropf, Chair of the House Committee on the Judiciary and sponsor of HB 4041, urged his colleagues to support the bill by referencing a list of people who would be returned to prison:

> I would say we have an incredible level of uncertainty for this small number of people affected by this bill retroactively . . . And I will admit there are people on this list where that injustice seems minor. And there are people on this list where that injustice seems incredible and significant. I am familiar with two cases from my county on the list.[6]

---

[6] Video Recording, House Chamber, HB 4041, Feb 19, 2026, starting at 2:32:30 (comments of Representative Jason Kropf),
https://olis.oregonlegislature.gov/liz/mediaplayer?clientID=4879615486&eventID=2026021180
(accessed April 23, 2026)

PETITION FOR A WRIT OF HABEAS CORPUS - 9

Some legislators found this striking, unprecedented, and unlawful. Rep. Willy Chotzen, Vice Chair of the House Committee on the Judiciary, voted against the bill and submitted a formal explanation as to why:

> I made the challenging decision to vote 'no,' however, because of the retroactive application of the sentencing recalculation provision that would impact specific, identified persons. *To my knowledge, HB 4041A would be the first time in Oregon history that the legislature will have enacted a law that punishes specific individuals for acts that occurred before the law was passed.* I do not believe the legislature possesses that power. Regardless of whether the process of recalculating sentences and possible reincarceration would be just and fair to the individuals, crime victims, or communities, I do not believe it is the province of the Oregon legislature to pass bills directed at specific individuals for past conduct. Because I do not believe this is an appropriate exercise of legislative power, I chose to vote 'no.' (emphasis added)[7]

In violation of the ex post facto clauses, the Jackson County Circuit Court used this new statute to amend Mr. Hatton's judgment and order his arrest and reincarceration, removing pre-incarceration credits prescribed by the court and thereby increasing the length of his punishment beyond that ordered by the sentencing court.

**B.    Second Ground for Relief.**

Mr. Hatton's incarceration is illegal and in violation of the Bill Attainder Clauses of the United States Constitution, Article I, Section 9, Cl. 3, and Section 10, Cl. 1.

**Supporting Facts.**

As described above, the Oregon Legislature passed a law specifically targeting 38 individuals who had been released by ODOC for reincarceration and punishment beyond that prescribed by their sentencing judges. Mr. Hatton is one of those individuals.

---

[7] Full Statement Here:  HB 4041-A Chotzen 2-20-2026.pdf

PETITION FOR A WRIT OF HABEAS CORPUS - 10

**C.    Third Ground for Relief.**

Mr. Hatton's incarceration is illegal and in violation of the Due Process Clause of the 14th Amendment to the United States Constitution.

**Supporting Facts.**

In September 2025, ODOC determined that Mr. Hatton had concluded the prison portion of his sentence and released him to supervision. Following political pressure, ODOC revisited its policy and ordered Mr. Hatton's arrest notwithstanding his full compliance with the conditions of his post-prison supervision. The sentencing court concluded that it had no authority to order his arrest or amend its judgment. The Oregon Supreme Court ordered his release. After the new legislation was passed, Mr. Hatton was again re-incarcerated. Under these highly unusual circumstances, Mr. Hatton was entitled to pre-arrest process to determine whether the new legislation could constitutionally be applied to him.

**IV.    PRAYER FOR RELIEF:**

This Court should grant the Writ of Habeas Corpus and order that Mr. Hatton be released from custody forthwith. The Court should further order such relief that it deems just and proper.

RESPECTFULLY SUBMITTED this 24th Day of June, 2026.

/s/ *Eric J. Deitrick*
Eric J. Deitrick, OSB #052322
edeitrick@ojrc.info
Steven T. Wax, OSB #850120
swax@oregoninnocence.info
503-944-2270
Oregon Justice Resource Center
P.O. Box 5248
Portland, Oregon 97208

Attorneys for Petitioner

PETITION FOR A WRIT OF HABEAS CORPUS - 11