DAN RAYFIELD
Attorney General
NICK M. KALLSTROM  #050023
SEAN KALLERY #172133
Assistant Attorneys General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4794
Email:  Nick.M.Kallstrom@doj.oregon.gov
        Sean.kallery@doj.oregon.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JASON JOHN HATTON, | Case No.  3:26-cv-01277-AP |
| Petitioner, | RESPONSE TO PETITIONER'S EMERGENCY MOTION FOR RELEASE |
| v. | |
| CHASE ABSTON, | |
| Respondent. | |

Petitioner has moved this Court for an order releasing him from the custody of the

Oregon Department of Corrections ("ODOC"), pending this Court's decision on his federal

habeas claims.  (ECF No. 4).  Both for the reasons discussed below, and for the reasons

discussed in respondent's contemporaneously-filed *Response to Amended Petition for Writ of

Habeas Corpus* ("*Response*"), petitioner's motion should be denied.

As petitioner acknowledges, the Ninth Circuit has never determined whether a district

court has the authority to release a state prisoner during the pendency of a federal habeas

proceeding.  *See United States v. McCandless*, 841 F.3d 819, 822 (9th Cir. 2016) ("We have not

Page 1 -    RESPONSE TO PETITIONER'S EMERGENCY MOTION FOR RELEASE
        NMK/la2/1027772258

yet decided whether district courts have the authority to grant bail pending resolution of a habeas petition, and we need not resolve that question today."); *In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001) (same).  Theoretically, assuming that district courts have the authority to order the release of a state prisoners before deciding their claims, the Ninth Circuit has explained that such authority would be "reserved for 'extraordinary cases involving special circumstances or a high probability of success.'"  *McCandless*, 841 F.3d at 822 (quoting *Land v. Deeds*, 878 F.2d 318 (9th Cir. 1989)).  Notably, in his motion, petitioner does not cite a single circuit or district-court decision in which this standard has been met.  Petitioner likewise fails to meet the standard.

Petitioner argues that his case is "extraordinary" because he believes his projected release date will pass before this Court issues a decision on his claims.  (ECF No. 4 at 3).  To support his argument, petitioner cites, *inter alia*, the Third Circuit's decision in *Landano v. Rafferty*, 970 F.2d 1230 (3rd Cir. 1992), *cert. den.*, 506 U.S. 955 (1992).  (ECF No. 4 at 3).  But, in *Landano*, the Third Circuit explained that "[w]hen the State has not completed its review of the petitioner's claims, it is inappropriate for a federal court to reach the merits of petitioner's case in ruling on a motion for bail."  970 F.2d at 1241.

As explained in the *Response*, petitioner declined to pursue a direct appeal of the judgment of conviction he challenges here, and he has never filed a petition for post-conviction relief, a state-court proceeding that remains available to him today.[1]  Thus, petitioner has deliberately bypassed available state-court remedies and now seeks immediate release from this Court before his claims are finally adjudicated.  He contends he is entitled to this relief because he has a short sentence.  But he has cited no authority that that would support his extraordinary request on this basis.  *See Landano*, 970 F.2d at 1240 (reversing the district court's release of the petitioner on bail, explaining that "[n]o case . . . relied on by the district court, holds that the

---

[1] As explained in the *Response*, neither a class-action lawsuit nor petitioner's petition for a writ of mandamus properly exhausted his claims in state court.

Page 2 -    RESPONSE TO PETITIONER'S EMERGENCY MOTION FOR RELEASE
        NMK/la2/1027772258

delay resulting from exhaustion of state remedies is a special circumstance warranting federal bail.").

Finally, even if petitioner's short sentence constituted a "special circumstance," he has not demonstrated that there is a "high probability of success" on the merits of his claims. As discussed above, his claims are unexhausted, and his habeas petition should be dismissed on that basis. Moreover, the trial court considered and rejected the claims that petitioner alleges here. As explained in the *Response*, in doing so, the trial court reasonably applied clearly established federal law. 28 U.S.C. § 2254(d). Thus, even if this Court were to rule upon the merits of petitioner's claims—notwithstanding his failure to exhaust his available state-court remedies—he would not be entitled to relief. *See Bell v. Cone*, 543 U.S. 447, 451 n. 3 (2005) (declining to decide whether the petitioner's claims had been properly exhausted but nevertheless reviewing those claims under § 2254(d)).

Accordingly, for the reasons discussed above, and for the reasons discussed in the *Response*, this Court should deny petitioner's motion seeking his immediate release.

DATED July 24 , 2026.

Respectfully submitted,

DAN RAYFIELD
Attorney General

 s/ Nick M. Kallstrom
NICK M. KALLSTROM #050023
SEAN KALLERY #172133
Assistant Attorneys General
Trial Attorneys
Tel (503) 947-4700
Fax (503) 947-4794
Nick.M.Kallstrom@doj.oregon.gov
Sean.kallery@doj.oregon.gov
Of Attorneys for Respondent

Page 3 -    RESPONSE TO PETITIONER'S EMERGENCY MOTION FOR RELEASE
NMK/la2/1027772258

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794