UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JASON JOHN HATTON,

Petitioner,

v.

CHASE ABSTON, *Superintendent, Warner Creek Correctional Facility*,

Respondent.

Case No. 3:26-cv-01277-AP

**ORDER**

---

**KASUBHAI,** United States District Judge:

This matter is before the Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Magistrate Judge Amy E. Potter issued a Findings and Recommendation on August 19, 2026, in which she recommends that the Court deny Petitioner's Amended Petition for Writ of Habeas Corpus and his Motion for Release. F&R, ECF No. 24. When a party objects to a Magistrate Judge's Findings and Recommendations, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district court has no obligation to review the portions of the Magistrate Judge's report to which no party has objected. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). However, the district court is not precluded from *sua sponte* review of other portions of the Findings and Recommendation,

*Thomas v. Arn*, 474 U.S. 140, 149 (1985), and the Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that the court should review such portions for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

Here, Petitioner filed timely objections to the Magistrate Judge's Findings and Recommendation, and Respondent filed its response to the objections. Objections to F&R, ECF No. 26; Resp. to Objections, ECF No. 27. The Court has carefully considered Petitioner's objections and Respondent's response and reviewed the relevant portions of the record *de novo*. The Court concludes that there is no basis to modify the Findings and Recommendation as to Petitioner's failure to exhaust his state court remedies. However, the Court declines to adopt the Findings and Recommendation's discussion of the merits of the underlying petition.

Under 28 U.S.C. 2254(b)(2), the Court may reach the merits of a petition for writ of habeas corpus "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." However, despite its discretion to reach the merits, the Court will not do so here. Petitioner's petition raises serious concerns as to the constitutionality of House Bill 4041. These questions deserve a thorough, unrestricted review before the state courts.

In September 2025, the Oregon Department of Corrections ("ODOC") released Petitioner from prison, concluding that he had lawfully completed his sentence based on ODOC's calculation. ECF No. 1-1, Pet. Exh. 12. In November 2025, ODOC determined that it erred in its calculation and that Petitioner must be re-incarcerated to serve the remainder of his sentence. *Id*. at 2-3; ECF No. 15 at 5. ODOC initiated Petitioner's re-arrest and re-incarceration that month, despite no additional misconduct by or conviction of Petitioner. ECF No. 15 at 5. In January 2026, the Oregon Supreme Court concluded that Petitioner could not lawfully be re-arrested following ODOC's recalculation of his sentence, ordering Petitioner's immediate release. *Hatton*

*v. Sundquist*, 374 Ore. 739, 743 (2026). Less than two months later, the Oregon Legislature enacted House Bill 4041. Or. Laws 2026, ch. 14, § 20. This legislation authorized Petitioner's second re-arrest and re-incarceration, and he has remained in custody since March 2026. ECF No. 1. Petitioner argues that House Bill 4041 violates ex post facto principles, acts as a bill of attainder, and contravenes due process. *Id*.

At this stage of litigation, the requirements of federal habeas review constrain the Court's analysis of the merits of Petitioner's arguments. *See* 28 U.S.C. § 2254(d) (limiting review of arguments to whether a state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented"); *Ross v. Davis*, 29 F.4th 1028, 1042 (9th Cir. 2022) (explaining that the federal habeas review standard is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). Because of the deference required by statute, the Court cannot consider Petitioner's constitutional concerns with the depth and nuance deserved. Comparatively, the Clackamas County Circuit Court is currently addressing House Bill 4041's lawfulness under the Oregon and U.S. Constitutions, without the barrier posed by deferential habeas review. *See Hernandez, et al. v. State of Oregon*, Case No. 26CV15022. In April 2026, the circuit court issued a preliminary injunction finding it likely that House Bill 4041 violates ex post facto provisions and acts as a bill of attainder. As that state case remains ongoing, the Court abstains from rendering a necessarily narrow analysis of the issues presented. Allowing state courts to consider the legality of House Bill 4041 affords state courts their due respect under the principles of federalism and comity.

**CONCLUSION**

The Court ADOPTS IN PART and DECLINES TO ADOPT IN PART Magistrate Judge Potter's Findings and Recommendation, ECF No. 24. The Court adopts the recommendation to dismiss Petitioner's petition for failure to exhaust, and it declines to adopt the discussion of the merits of Petitioner's petition. Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 3) and Motion for Release (ECF No. 4) are therefore DENIED.

IT IS SO ORDERED.

DATED this 1st day of October 2026.

MUSTAFA T. KASUBHAI (he/him)
United States District Judge